

U. S. DEPARTMENT OF JUSTICE

**FILED**

WILLIAM J. IHLENFELD, II
United States Attorney
Northern District of West Virginia

JUL 0 6 2012

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

| | |
|---|---|
| 320 West Pike Street | Phone: (304) 623-7030 |
| Suite 300 | Fax: (304) 623-7031 |
| Clarksburg, WV 26301 | |

June 21, 2012

Charles Berry, Esquire
P. O. Box 5023
Fairmont, WV 26554

    Re:   *United States v. Tina Belcastro*
           Criminal No. 1:12CR56

Dear Mr. Berry:

    This will confirm conversations with you concerning your client, Tina Belcastro, (hereinafter referred to as Ms. Belcastro).

    All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

    It is agreed between the United States and your client as follows:

    1.    Ms. Belcastro will plead guilty to Count Fifteen of the Indictment, charging her with aiding and abetting the distribution of Buprenorphine within 1000 feet of a protected location, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(E)(i), and 860 and Title 18, United States Code, Section 2.

    2.    The maximum penalty to which Ms. Belcastro will be exposed by virtue of her plea of guilty, as stated in paragraph 1 above, is a term of imprisonment of not less than one (1) year, and not more than twenty (20) years, a fine of not more than $1,000,000.00, or both, a period of supervised release of at least four (4) years, and a special mandatory assessment of $100.00 (18 U.S.C. §3013), which must be paid before the date of sentencing by money order or certified check, made payable to the United States District Court. It is understood that Ms. Belcastro might be

_____        _____
Tina Belcastro                                               Date   July 2, 12

_____        _____
Charles Berry                                              Date   7-2-12
Counsel for Tina Belcastro

Charles Berry
June 21, 2012
Page 2

required by the Court to pay the costs of her incarceration.

      3.      Ms. Belcastro will be completely forthright and truthful with federal officials in the Northern District of West Virginia and elsewhere with regard to all inquiries made of her and will give signed, sworn statements and grand jury and trial testimony relative thereto. Ms. Belcastro will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

      4.      Nothing contained in any statement or any testimony given by Ms. Belcastro, pursuant to paragraph 3, will be used against her as the basis for any subsequent prosecution. It is understood that any information obtained from Ms. Belcastro in compliance with her cooperation agreement will be made known to the sentencing Court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Ms. Belcastro's applicable guideline range. However, this agreement does not prevent Ms. Belcastro from being prosecuted for any violations of other Federal and state laws she may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by her pursuant to this agreement. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Ms. Belcastro for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of her fulfilling the conditions of paragraph 3 above.

      5.      At final disposition, the United States will advise the Court of Ms. Belcastro's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. At sentencing, the United States will move to dismiss the remaining counts in the indictment against Ms. Belcastro.

      6.      There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, as to what the final disposition in this matter should and will be. This agreement includes <u>nonbinding</u> recommendations by the United States, pursuant to Rule 11(c)(1)(B); however the defendant understands that the Court is <u>not</u> bound by these sentence recommendations, and that the defendant has <u>no</u> right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

      7.      Provided the defendant pays the $100.00 special assessment fee on or before the day of sentencing, and provided the United States Probation Office recommends, the United States will make the following <u>nonbinding</u> recommendations: 1) if, in the opinion of the United States Attorney's Office, the defendant accepts responsibility, or if the probation office recommends a two-

_Tina Belcastro_ (signature)                                 Date: July 2, 12
Tina Belcastro

_Charles Berry_ (signature)                                 Date: 7-2-12
Charles Berry
Counsel for Tina Belcastro

Charles Berry
June 21, 2012
Page 3

level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation; and 2) should the defendant give timely and complete information about her own involvement and provide timely notice her intent to plead guilty, permitting the United States to avoid trial preparation, and comply with all the requirements of this agreement, the United States will recommend an additional one level for timely acceptance of responsibility, if applicable; and 3) if this agreement is executed and returned to the United States Attorney's Office by **5:00 p.m. on ~~June 28,~~ July 3, 2012**, the United States will file a motion pursuant to Rule 3553(e) to authorize the Court to impose a sentence below the statutory mandatory minimum required under Title 21, United States Code, Section 860.



8.  Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that the total drug relevant conduct attributable to the defendant is a base offense level of eight (8), or less than 250 grams of marijuana equivalent distributed within 1000 feet of a protected location, pursuant to U.S.S.G. Sections 2D1.2(a)(1) and 2D1.1(c)(17). The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation and is not required to accept same. Ms. Belcastro understands and agrees that should the Court not accept the above stipulation, she will not have the right to withdraw her plea of guilty

9.  If, in the opinion of the United States, the defendant either engages in conduct defined under the Application Notes 4(a) through (k) of Guideline 3C1.1, fails to cooperate as promised, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the defendant will not have the right to withdraw the plea.

10. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information including Ms. Belcastro's background criminal record, offense charged in the indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report to be prepared by the Probation Office of this Court, and to respond to any written or oral statements made by the Court, by Ms. Belcastro or her counsel.

11. Ms. Belcastro is aware that Title 18, United States Code, Section 3742 affords a

_/s/ Tina Belcastro_                     _July 2, 12_
Tina Belcastro                           Date

_/s/ Charles Berry_                      _7-2-12_
Charles Berry                            Date
Counsel for Tina Belcastro

Charles Berry
June 21, 2012
Page 4

defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence with a base offense level of eight (8) or lower under the U.S.S.G. (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The parties have the right during any appeal to argue in support of the sentence.

12. If the defendant's plea is not accepted by the Court or is later set aside or if the defendant breaches any part of this agreement, then the Office of the United States Attorney will have the right to void this agreement.

13. The above twelve (12) paragraphs constitute the entire agreement between Ms. Belcastro and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement.

Very truly yours,
William J. Ihlenfeld, II
United States Attorney

By: _____
Zelda E. Wesley
Assistant United States Attorney

As evidenced by my signature at the bottom of the four (4) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____        July 2, 12
Tina Belcastro                          Date

_____        7-2-12
Charles Berry                           Date
Counsel for Tina Belcastro