IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO. 1:12CR56

TINA BELCASTRO,
        Defendant.

### AMENDED ORDER/OPINION[1]

On the 5th day of July 2012, came the United States of America by Zelda Wesley, Assistant United States Attorney, and also came the defendant, Tina Belcastro, in person via video, and by her counsel, Charles T. Berry, for hearing on a Petition for Action on Conditions of Pretrial Release alleging that Defendant violated Condition #7(m) her Conditions of Pretrial Release by testing positive for codeine and morphine on June 18 2012.

Defendant was Indicted by a Grand Jury sitting in the Northern District of West Virginia on May 10, 2012. She was charged in one count of a 31-count Indictment involving distribution of cocaine base and cocaine. She was arrested and then arraigned on May 22, 2012, at which time she pled not guilty. She was released on conditions set by Order dated May 16, 2012. Trial is scheduled for July 23, 2012.

On June 20, 2012, Defendant's supervising Pretrial Services Officer filed the above-referenced Petition for Action on Conditions of Pretrial Release, recommending that a warrant be issued for her arrest. She appeared for an Initial Appearance before the undersigned United States Magistrate Judge on June 22, 2012. She appeared for her final revocation hearing on July 6, 2012, in person and through counsel, Charles T. Berry. The United States was represented

---

[1] This order is amended solely to correct the date of the final revocation hearing.

by Zelda Wesley, its Assistant United States Attorney.

Prior to the taking of evidence, Defendant admitted to testing positive for opiates codeine and morphine on June 18, 2012; tested positive on June 20,1012, for benzodiazepine, but was unable to provide a valid prescription for it; admitted she was short on her pill count on June 7, 2012, and that she may have been taking more pills than prescribed, but that it was possible her boyfriend took them.

The Court therefore concludes by a preponderance of the evidence that on June 7, 2012, she tested positive on for opiates codeine and morphine. The Court also concludes that on June 7, 2012, she was short 10 Alprazolam pills and 25 short on her Cyclobenzaprine pills. The Court further concludes that on June 20, 2012, Defendant furnished a urine specimen which was positive for benzodiazepine, and she has not provided a valid prescription for benzodiazepines.

The Court further concludes that Defendant's explanations for the above are not credible. The Court therefore concludes that Defendant violated condition 7(m) of her conditions of pretrial release as alleged in the Petition.

Defendant, through counsel, moved for continued release on conditions in lieu of revocation. Defendant could stay with her mother, at least temporarily, and could present to a chiropractor and a pain clinic for her chronic pain and to get an appointment for medication for her ADHD.

The Government objected to release, arguing that it believed Defendant would be unable to comply with her conditions of release, in light of her addiction.

For reasons stated on the record, the Court finds because there is no present actual plan for Defendant to get into treatment, there are no conditions which could be fashioned at this time

which would ensure the safety of the community due to Defendant's continued noncompliance should Defendant be released.

It is therefore **ORDERED** that, pursuant to the provisions of 18 U.S.C. §3148 (a), (b)(1)(B) and (2)(A) and (B), the release of Defendant Tina Belcastro on conditions is **REVOKED** and that:

1. Defendant be **REMANDED** to the custody of the United States Marshal pending further proceedings in this case;

2. Defendant be confined in a facility separate, to the extent practicable, from , persons awaiting or serving sentences or being held in custody pending appeal;

3. Defendant be afforded a reasonable opportunity for private consultation with defense counsel;

4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and

5. The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED: July 10, 2012.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE