IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                            //    CIVIL ACTION NO. 1:12CR56-5
                                          (Judge Keeley)

TINA BELCASTRO,

        Defendant.

ORDER FOLLOWING PLEA HEARING
AND SCHEDULING SENTENCING HEARING

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, on the 6th day of July, 2012, the Court convened a hearing at which the United States of America and William J. Ihlenfeld, II, United States Attorney for the Northern District of West Virginia, appeared by Zelda E. Wesley, Assistant United States Attorney, and the defendant, Tina Belcastro, appeared in person and by her attorney, Charles T. Berry.

The Court confirmed that the defendant had received and reviewed with her attorney the Indictment in this matter. After the Court read Count Fifteen of the Indictment to her, counsel for the United States advised the Court that it had entered into a plea agreement with the defendant, which the Government then summarized for the Court. The defendant stated in open court that she fully understood and agreed with the terms of the plea agreement, and that there are no other agreements between her and the Government.

USA V. TINA BELCASTRO                                          1:12CR56-5

## ORDER FOLLOWING PLEA HEARING
## AND SCHEDULING SENTENCING HEARING

The Court noted that since the plea agreement contains certain nonbinding recommendations pursuant to Fed. R. Crim. P. 11(c)(3)(A) the Court cannot accept or reject the plea agreement and the recommendations it contains until it has had an opportunity to receive and review a presentence report. It advised the parties that it is not bound by the stipulations contained in the plea agreement, and will defer action on the stipulations until after receiving and reviewing the presentence report.

The Court **ORDERED** the plea agreement filed.

The Court advised the defendant of the maximum sentence for Count Fifteen, to which defendant proposes to enter a plea of guilty.  It also advised her that, as part of the fine, she could be required to pay the costs of imprisonment, community confinement, or supervision. It also informed her of the mandatory special assessment applicable to this case, and that restitution is not an issue in this case.

The Court informed the defendant that certain Sentencing Guidelines apply to this case in an advisory capacity. It explained that the sentencing range established by the Guidelines is one of several factors under 18 U.S.C. § 3553(a) that it will consider before imposing sentence. The defendant stated that she had reviewed the various sentencing factors with her attorney.   The

**USA V. TINA BELCASTRO**                                              **1:12CR56-5**

## ORDER FOLLOWING PLEA HEARING
## AND SCHEDULING SENTENCING HEARING

Court also noted that it is not bound by the recommendations or

stipulations in the plea agreement and that, should the sentence it

ultimately imposes be more severe than that expected, defendant

would not have the right to withdraw her plea of guilty.

The Court noted that paragraph eleven of the plea agreement

provides:

> Ms. Belcastro is aware that Title 18, United
> States Code, Section 3742 affords a defendant
> the right to appeal the sentence imposed.
> Acknowledging    all    this,    the    defendant
> knowingly waives the right to appeal any
> sentence with a base offense level of eight
> (8) or lower under the U.S.S.G.(or the manner
> in which that sentence was determined) on the
> grounds set forth in Title 18, United States
> Code, Section 3742, in exchange for the
> concessions made by the United States in this
> plea agreement. The defendant also waives his
> right to challenge his sentence or the manner
> in which it was determined in any collateral
> attack, including but not limited to, a motion
> brought under Title 28, United States Code,
> Section 2255. The parties have the right
> during any appeal to argue in support of the
> sentence.

The Court then reviewed with the defendant all of the rights

she would forfeit by tender of a plea of guilty, including her

right to plead not guilty and maintain that plea during a trial

before a jury of her peers, her right to be represented by counsel

during trial, her right not to testify, and her right to have the

Government prove its case beyond a reasonable doubt. It also noted

**USA V. TINA BELCASTRO**                                            **1:12CR56-5**

### ORDER FOLLOWING PLEA HEARING
### AND SCHEDULING SENTENCING HEARING

that the jury's verdict must be unanimous. Belcastro stated in open court that she understood all of these rights and also understood that she would be giving up all of these rights by entering a plea of guilty.    She and her counsel stated that the defendant understood all of the consequences of pleading guilty.

The Government then called Special Agent Greg Perry ("Perry") of the Bureau of Alcohol, Tobacco and Firearms ("ATF") to present a factual basis for the plea. Perry testified that the ATF working with the Fairmont Police Department established a storefront in Fairmont, Marion County, West Virginia, located in the Northern District of West Virginia. The storefront was located within 1,000 feet of the Carlone Street Apartments, a protected location.

On March 9, 2012, co-defendant Shawn Burns ("Burns") contacted Special Agent Caridine ("Caridine"), an undercover agent in this case, to ask if he would be interested in purchasing Buprenorphine. Burns told him that Belcastro had a prescription and would be able to obtain the pills.    Caridine agreed and met Burns and the defendant in the back room of the storefront to complete the transaction. Caridine gave Burns and the defendant $300 in exchange for fifteen Buprenorphine pills.

On cross-examination, defense counsel questioned whether the number of pills exchanged in the controlled buy was ten or fifteen,

USA V. TINA BELCASTRO                                             1:12CR56-5

### ORDER FOLLOWING PLEA HEARING
### AND SCHEDULING SENTENCING HEARING

but conceded that either amount fell within the stipulated amount
of relevant conduct described in paragraph 8 of the plea agreement.
After consulting his notes, Perry confirmed that the buy was for 15
pills. The defendant did not otherwise add to or challenge Special
Agent Perry's testimony when given the opportunity to do so.

The defendant then moved the Court for permission to enter a
plea of GUILTY to Count 15.  She stated that she was in fact guilty
of the crime charged in Count 15 of the Indictment. She also stated
that the plea was not a result of any threat, coercion or
harassment and that the plea was not the result of any promise
except those contained in the plea agreement.

She further stated that her attorney had adequately
represented her in this matter and that neither she nor her
attorney had found an adequate defense to the charges contained in
Count 15.

Based upon the defendant's statements and the testimony of
Special Agent Perry, the Court found that the defendant's plea was
freely and voluntarily given, that she was aware of the nature of
the charges against her and the consequences of her plea, and that
a factual basis exists for the tendered plea. The Court, therefore,
accepted the defendant's plea of GUILTY of the crime charged in
Count 15.

**USA V. TINA BELCASTRO**                                              **1:12CR56-5**

### ORDER FOLLOWING PLEA HEARING
### AND SCHEDULING SENTENCING HEARING

Pursuant to Fed. R. Crim. P. 11(c)(3)(A) and U.S.S.G. § 6B1.1(c), acceptance of the proposed plea agreement, stipulations and nonbinding recommendations are deferred until the Court has received and reviewed the presentence report prepared in this matter.

Pursuant to § 6A1 et seq. of the United States Sentencing Guidelines, it is hereby **ORDERED** that:

1.    The Probation Officer shall undertake a presentence investigation of TINA BELCASTRO and prepare a presentence report for the Court;

**2.    The Government and the defendant to provide their versions of the offense to the probation officer by July 25, 2012;**

3.    The presentence report to be disclosed to the defendant, defense counsel, and the United States on or before **August 27, 2012**; however, the Probation Officer is not to disclose the sentencing recommendations made pursuant to Fed. R. Crim. P. 32(e)(3);

4.    Counsel to file written objections to the presentence report on or before **September 10, 2012;**

5.    The Office of Probation to submit the presentence report with addendum to the Court on or before **October 1, 2012;** and

USA V. TINA BELCASTRO                                              1:12CR56-5

## ORDER FOLLOWING PLEA HEARING
## AND SCHEDULING SENTENCING HEARING

6.    Counsel to file any written sentencing statements and motions for departure from the Sentencing Guidelines, including the factual basis from the statements or motions, on or before **October 15, 2012.**

Counsel for the defendant asked the Court to reconsider the revocation of the defendant's bond. After careful consideration of the arguments of counsel, the testimony of the defendant, and the reasons stated in Magistrate Judge Kaull's Amended Order/Opinion, the Court denied counsel's request and, for the reasons stated on the record, remanded the defendant to the custody of the United States Marshals.

The Court will conduct the sentencing hearing on **Friday, October 26, 2012** at **1:00 P.M.** at the **Clarksburg, West Virginia**, point of holding court.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: July 11, 2012

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE